■ IRVING ABELOW et al., Appellants, v HAROLD GROSSMAN et al., Respondents. IRVING ABELOW et al., Appellants, v HAROLD GROSSMAN et al., Respondents.—Judgment, Supreme Court, New York County, entered September 28, 1979, in favor of defendant Harold Grossman against plaintiff Irving Abelow, in the total sum of $56,765.97, is unanimously reversed, on the law, and the judgment is vacated, without costs. Order, Supreme Court, New York County, entered September 18, 1979, granting partial summary judgment to defendant Grossman, is unanimously modified, on the law and the facts, and in the exercise of discretion, to the extent of striking the first three decretal paragraphs of said order (which direct summary judgment in favor of defendant Grossman), and to the extent of striking so much of the fourth decretal paragraph as directs plaintiff to pay to Harold Grossman $3,484 per month on the first of each month; and an immediate trial is directed without delay for any further pretrial disclosure proceedings, without prejudice to such direction as the Trial Justice may make, and the order is otherwise affirmed, without costs. Plaintiff Irving Abelow and defendant Harold Grossman are engaged in the practice of medicine in the same office, they being members of a professional corporation, apparently along with defendant Diamond (now deceased). In order to meet the expense of the office until the disputes between the parties could be adjudicated, the parties entered into a stipulation in open court (mistakenly referred to sometimes as an order) on January 21, 1977, that the individual plaintiff

Abelow would contribute to the rent and maintenance of the offices by payment of the aggregate amount of $3,484 per month as his aliquot share for the conduct of the practice at that location. The stipulation indicated how this figure was arrived at. Defendant Grossman, claiming that Abelow had ceased to make such payments since May, 1978, moved for summary judgment on that stipulation and Special Term has granted that motion directing judgment in favor of defendant Grossman against plaintiff Abelow for $52,260, representing monthly payments of $3,484 from May 1, 1978 through July 1, 1979, together with interest and costs. On the present record, this was error. We see no justification for granting a money judgment in favor of defendant Grossman on the stipulation. The stipulation never provided that Abelow would pay to Grossman; it never said to whom Abelow would pay. The parties are operating as a professional corporation. In principle, there would appear to be no more reason for Abelow to pay his share of the expenses to Grossman than for Grossman to pay his share of the expenses to Abelow. Absent other facts, the most reasonable interpretation of the stipulation would seem to be that Abelow would pay his share of the expenses either to the professional corporation or to some common disbursing agent or fund. In any event, we cannot interpret the stipulation as a matter of law as one to pay these amounts to Grossman for his benefit, and that is what the judgment apparently directs. We cannot sustain the judgment as one for reimbursement of expenditures by Grossman for the benefit of Abelow because (a) there is not adequate proof of the amount of such expenditures, if any, and (b) the judgment is based not on such expenditures but on the stipulation. We note that plaintiff Abelow contends that he is in fact paying his share of the expenses by direct payment of certain expenses, and that Grossman is not complying with some of the provisions of the stipulation which plaintiff contends are interdependent with plaintiff's obligation to make payments. The record is unclear as to many of these facts. Defendant Grossman does make a substantial argument that he is in fact subsidizing Abelow, that Abelow is in fact getting a "free ride." It is obvious that the parties never contemplated that the interim situation provided for in the stipulation will continue as it has for over three years. Indeed, the stipulation stated that the parties "will in every manner cooperate for the expeditious disposition of the litigations between them to the end that an early trial be obtained." We are told that one of the major reasons that the case has not gone to trial has been delays in plaintiff's obtaining adequate disclosures and depositions from defendant Grossman. Again the parties are in dispute as to both the fact and the reasons for it. Abelow says that Grossman has continually thwarted his examination. Grossman says that Abelow has had ample examination but has no incentive to terminate examination and go to trial so long as Grossman is subsidizing Abelow by carrying the expenses of the offices. We need not attempt to—nor on this record can we—apportion the blame for this delay as between the parties, but the dispute has now been going on since at least October, 1975. Depositions are merely an aid to a fair trial and adjudication of the merits. They cannot be permitted to delay such trial or adjudication to the point of denying them. Whosoever the fault, we think that the interest of justice will be best served by ordering a prompt trial in this case without waiting for further pretrial disclosure proceedings. Further, in the present case, the office expenses go on and must be taken care of. As noted, the parties as early as January, 1977 have in words recognized the need for an early trial. In the order appealed from, entered September 18, 1979, and in the decision of July 16, 1979, on which it was based, Special

Term again recognized the need for an early trial. A major claim in this case relates to an accounting. We cannot see that extensive examination is necessary for the adjudication of the right to an accounting. Once the trial begins, the Trial Judge can order any further disclosure that may be necessary and make appropriate provision for the parties to pay or advance the expenses of the office pending the ultimate determination of the rights of the parties. If necessary, the court can direct payment of sums into court subject to further order of the court. We do not deem the present record adequate, nor is it practical, for us to make the provisions for interim payments which we have suggested that the Trial Justice can make. Accordingly, we direct an immediate trial without waiting for further pretrial disclosure proceedings, but without prejudice to any direction that the Trial Justice may make. We were informed on the oral argument that a personal representative of the decedent Diamond has been appointed. An order substituting that personal representative in the action should be made forthwith. (CPLR 1015.) Concur—Murphy, P. J., Sullivan, Silverman, Bloom and Yesawich, JJ.